UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KATHERINE KING, Personal Representative of the Estate of LMK, a minor,

Plaintiff,

v.

THE UNITED STATES OF AMERICA and DOYON SECURITY SERVICES, LLC,

Defendants.

CASE NO. C11-5355BHS

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO INTERVENE

This matter comes before the Court on Kenneth King's ("Mr. King") motion to intervene (Dkt. 34). The Court has reviewed the briefs filed in support of and in opposition to the motion and the remainder of the file and hereby grants in part and denies in part the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On May 6, 2011, Katherine King ("Ms. King"), as the personal representative of LMK, filed a complaint for wrongful death against the United States of America ("Government") and Doyon Security Services, LLC ("Doyon"). Dkt. 1. The complaint alleges that the Government and Doyon allowed a private in the Army to bring LMK onto Fort Lewis Military Base in violation of certain base policies. *Id.* LMK subsequently passed away in the barracks on the base. *Id.* Ms. King alleges causes of action on behalf of the estate of LMK as a result of Defendants' negligent acts. *Id.*

ORDER - 1

On November 9, 2011, Ms. King sent Mr. King, LMK's father, a notice of lawsuit pursuant to RCW 4.24.010. Dkt. 28, Declaration of Kenneth King, Exh. A. Although Ms. King has not explicitly asserted a cause of action in her individual capacity under RCW 4.24.010, she informed Mr. King that he "must join" in the lawsuit or else his rights to recover under RCW 4.24.010 will be barred. *Id*.

On November 15, 2011, Mr. King filed a motion to intervene to protect his right in the wrongful death action. Dkt. 26. On November 28, 2011, the Government responded. Dkt. 31. On November 30, 2011, Doyon responded. Dkt. 32. On December 2, 2011, King replied to both responses. Dkts. 33 & 34.

## II. DISCUSSION

### A. Motion to Strike

Mr. King moves to strike, or disregard, Doyon's response because it was filed one day late. Dkt. 34 at 1. The Court denies Mr. King's motion because Mr. King has not shown any prejudice as a result of the untimely filing.

### B. Motion to Intervene

Fed. R. Civ. P. 24 provides intervention as a matter of right and permissive intervention. King argues that he should be allowed to intervene under both standards. Dkt. 26. The Government argues that Mr. King's claims are barred because he failed to exhaust his administrative remedies under 28 U.S.C. § 2401(b). Dkt. 31. Doyon argues that, if Mr. King's claims against the Government are dismissed, then the Court should decline to exercise supplemental jurisdiction under 28 U.S.C. 1367. Dkt. 32.

#### 1. Intervention of Right

To intervene as a matter of right under Fed. R. Civ. P. 24(a)(2), the applicant must claim

> an interest relating to the property or transaction which is the subject of the action and [that] the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect

ORDER - 2

that interest, unless the applicant's interest is adequately represented by existing parties.

In particular, the Ninth Circuit requires the applicant to demonstrate that four circumstances exist: (1) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest. *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004). The party seeking to intervene bears the burden of showing that all the requirements for intervention have been met. *Id*.

In this case, Mr. King has failed to show that he has an interest in the current action that is not adequately protected. Based on Ms. King's complaint, the causes of action are brought as a personal representative of the estate of LMK. Although Mr. King is an heir to the estate, there is no evidence that Ms. King would not adequately represent the estate or that Mr. King would not recover his portion of the estate according the intestate distribution statute. Therefore, the Court denies Mr. King's motion to intervene as a matter of right.

**2.     Permissive Intervention**

An applicant who seeks permissive intervention must prove that he meets three threshold requirements: (1) the applicant shares a common question of law or fact with the main action; (2) the motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims. *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998).

In this case, Mr. King has met the requirements for permissive intervention. First, it is undisputed that Mr. King's causes of action share the same question of law and fact, namely Defendants' negligence as a cause of LMK's death. Second, there is no evidence

in the record that Mr. King's motion is untimely.  Third, the Court has a separate basis for jurisdiction based on diversity jurisdiction: Mr. King alleges that he is a citizen of Washington, Doyon's corporate disclosure statement asserts that it is a wholly-owned subsidiary of an Alaska corporation, and, although Mr. King does not allege a specific amount of damages, Ms. King seeks damages of ten million dollars.  Therefore, the Court grants Mr. King's motion for permissive intervention.

The Court recognizes that Mr. King's claims against the Government may be "subject to dismissal" for failure to exhaust.  The issue, however, is more appropriate for a fully briefed dispositive motion.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Mr. King's motion to intervene is **GRANTED in part** and **DENIED in part** as stated herein.  Mr. King shall file his complaint as a separate entry on the electronic docket within five days.

DATED this 13th day of December, 2011.

_____
BENJAMIN H. SETTLE
United States District Judge