UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KATHERINE KING, Personal Representative of the Estate of LMK, a minor,<br><br>    Plaintiff,<br><br>KENNETH KING,<br><br>    Plaintiff-Intervenor,<br><br>    v.<br><br>THE UNITED STATES OF AMERICA, et al.,<br><br>    Defendants. | CASE NO. C11-5355BHS<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

This matter comes before the Court on Defendant United States of America's ("Government") motion to dismiss Kenneth King's ("Mr. King") complaint (Dkt. 40). The Court has reviewed the briefs filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

**A.   Instant Suit**

On May 6, 2011, Katherine King ("Ms. King"), as the personal representative of the estate of LMK, filed a complaint against the Government and Doyon Security Services, LLC ("Doyon"). Dkt. 1. The complaint alleges that the Government and

ORDER - 1

Doyon allowed a private in the Army to bring LMK onto Fort Lewis Military Base in violation of certain base policies. *Id.* LMK subsequently passed away in the barracks on the base. *Id.* Ms. King alleges causes of action on behalf of the estate of LMK as a result of Defendants' negligent acts. *Id.*

On November 9, 2011, Ms. King sent Mr. King, LMK's father, a notice of lawsuit pursuant to RCW 4.24.010. Dkt. 28, Declaration of Kenneth King, Exh. A. Although Ms. King has not explicitly asserted a cause of action in her individual capacity under RCW 4.24.010, she informed Mr. King that he "must join" in the lawsuit or else his rights to recover under RCW 4.24.010 will be barred. *Id.*

On November 15, 2011, Mr. King filed a motion to intervene to protect his right in the wrongful death action. Dkt. 26. On December 13, 2011, the Court granted Mr. King permissive intervention. Dkt. 35.

On January 12, 2012, the Government filed a motion to dismiss Mr. King's complaint. Dkt. 40. On February 6, 2012, Mr. King responded. Dkt. 41. On February 10, 2012, the Government responded. Dkt. 45.

**B.     Other Filings**

On February 15, 2009, LMK passed away. On August 5, 2009, Ms. King opened a probate proceeding in Pierce County Superior Court and was appointed Administratrix of LMK's estate. Dkt. 42, Declaration of Michael David Meyers ("Meyers Decl."), Exhs. 3–5. On the probate petition, Ms. King disclosed two surviving heirs of LMK: Ms. King as mother and Paul Laughline as father. *Id.*

On September 11, 2009, Ms. King filed an administrative claim with the Army regarding LMK's death. Dkt. 40-1 at 3–5. The claimant is listed as "The Estate of [LMK] by and through Katherine King as Personal Representative." *Id.*

ORDER - 2

On November 9, 2011, Ms. King filed a new probate petition listing Mr. King and Ms. King as mother and father. Meyers Decl., Exh. 7. On November 15, 2011, Mr. King's attorneys filed a notice of appearance in the probate action. *Id.*, Exh. 9.

## II. DISCUSSION

A motion to dismiss under Fed. R. Civ. P. 12(b)(1) addresses the court's subject matter jurisdiction. "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). A plaintiff bears the burden to establish that subject matter jurisdiction is proper. *Prescott v. United States*, 973 F.2d 696, 701 (9th Cir. 1992).

The Federal Tort Claims Act ("FTCA") requires disposition of a claim by a federal agency as a prerequisite to the initiation of a suit. The relevant statute provides as follows:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). "[T]he administrative claim requirements of Section 2675(a) are jurisdictional in nature, and thus must be strictly adhered to." *Jerves v. United States*, 966 F.2d 517, 521 (9th Cir. 1992). When no administrative claim has been filed with the appropriate administrative agency, a district court is without jurisdiction to hear the case, and dismissal for lack of subject matter jurisdiction is mandated. *Johnson v. United States*, 704 F.2d 1431, 1442 (9th Cir. 1983) (court lacked jurisdiction over wife's loss of consortium claim due to wife's failure to mention claim for loss of consortium or sign administrative form.).

In this case, the only claimant to file an administrative claim was Ms. King as the personal representative of LMK's estate. *See* Dkt. 40-1 at 3–5. Strict adherence to the

ORDER - 3

FTCA requires the Court to dismiss any other claimant for lack of subject matter jurisdiction. Mr. King, however, argues that there exist four reasons why his failure to file an administrative claim should not preclude his claims against the Government. Dkt. 41 at 13. All of his arguments are without merit.

Mr. King's first and fourth reasons rely on the proposition that the United States had notice of potential claims based on LMK's death when the administrative claim was filed. Mr. King's position relies on out of circuit district court cases, and he fails to cite any binding authority on this issue. *See* Dkt. 41 at 10-12. Under Ninth Circuit law, the "claimant" must file an administrative claim and notice of an incident that may give rise to the Government's liability does not satisfy the prerequisites of the FTCA for all possible claimants. *See Cadwalder v. United States*, 45 F.3d 297, 300-302 (9th Cir. 1995). Therefore, Mr. King's first and fourth reasons to excuse his failure are without merit.

Mr. King's second reason is that RCW 4.24.010 "requires all parental claims to be joined in one action and towards that end requires inter-parental notification." Dkt. 41 at 13. Even if Mr. King's interpretation of the statute is correct, the only claimant in this action is Ms. King as the personal representative of the estate of LMK and there is no parental claim to be joined. Therefore, Mr. King's argument is without merit.

Finally, Mr. King argues that "[if] Mr. King had been provided notice [of the probate proceeding] he would have sought legal counsel and pursued and perfected his claims." Dkt. 41 at 13. Mr. King has provided no authority to excuse his failure based on what he would have done. Therefore, Mr. King's argument is without merit and the Court grants the Government's motion to dismiss Mr. King's complaint for lack of jurisdiction.

### III.  ORDER

Therefore, it is hereby **ORDERED** that the Government's motion to dismiss Mr. King's complaint (Dkt. 40) is **GRANTED** and Mr. King's claims against the Government are **DISMISSED**.

DATED this 28th day of February, 2012.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 5